# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MICHELE STUCKEY o/b/o )
LEO STUCKEY, )
                              )
            Plaintiff,        )
                              )
v.                            ) Case No. CIV-03-426-KEW
                              )
JO ANNE B. BARNHART,          )
Commissioner of Social        )
Security Administration,      )
                              )
            Defendant.        )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) and Fed. R. Civ. P. 60(b)(6) (Docket Entry #24). The Motion is at issue and ripe for ruling.

On August 1, 2003, Plaintiff's attorney filed this action, seeking review of Defendant's decision to deny Plaintiff social security benefits. On May 7, 2004, this Court entered its decision, reversing the ALJ's decision and remanding the case for further consideration. As a result, on June 15, 2004, this Court awarded Plaintiff's attorney $6,500.00 in fees in accordance with the Equal Access to Justice Act ("EAJA").

Upon remand, the ALJ issued a favorable decision to Plaintiff. On August 17, 2005, a Notice of Award was issued by Defendant, indicating Plaintiff was to be awarded past due benefits in the amount of $79,201.00. Plaintiff's agency representative received $5,300.00 for work at the administrative level pursuant to 42 U.S.C. § 406(a). Prior to the commencement of this case, Plaintiff's counsel and Plaintiff had executed a contingency fee

agreement, providing for the payment of 25% of Plaintiff's past due benefits as an attorney fee, should Plaintiff's counsel be successful in obtaining said benefits.

Plaintiff's attorney seeks an award of $14,500.00 for his efforts in obtaining the successful reversal and remand of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) after an appeal of this Court's decision affirming the Administrative Law Judge and, ultimately, an award of benefits.

In response to the Motion, Defendant files what may only be characterized as a "boilerplate" brief, which states "the Commissioner declines to assert a position on the reasonableness of Plaintiff's request, as she is not the true party in interest." Defendant then proceeds to point out the case law and obligation of this Court in evaluating and ruling on the fee request. This Court is unsure of the effect or purpose for this brief, but its content has been reviewed.

### Criteria for Evaluating Fee Requests Post-*Gisbrecht*

In May of 2002, the United States Supreme Court considered the proper calculation of claimant's attorney's fees under 42 U.S.C. § 406(b) in the case of Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Prior to Gisbrecht, the Tenth Circuit Court of Appeals had ruled the proper method of calculating fees was represented in determining the "lodestar amount." Hubbard v. Shalala, 12 F.3d 946, 948 (10th Cir. 1993). As with most areas of litigation utilizing this method, the "lodestar" in the Social Security case context required a determination of the reasonable amount of hours

expended by counsel in the course of representation and multipying those hours by a reasonable hourly rate.

With the issuance of Gisbrecht, however, the legal landscape in this area changed dramatically. The Supreme Court determined § 406(b)(1)(A)[1] by its language "does not exclude contingent-fee contracts that produce fees no higher than the 25 percent ceiling." Gisbrecht, 535 U.S. at 800. Consequently, the Supreme Court concluded "[m]ost plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht, 535 U.S. at 807.

Although courts were directed to give effect to contingency fee agreements, fees available under § 406(b), awarded for representation before the court, remained subject to the court's review for reasonableness. Id. Specifically, the Supreme Court found

> . . . § 406(b) calls for court review of such arrangements as an independent check, to assure that they

---

[1] 42 U.S.C. § 406(b) states:

(b) Attorney fees

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

3

yield reasonable results in particular cases. . . .
Within the 25 percent boundary, . . ., the attorney for
the successful claimant must show that the fee sought is
reasonable for the services rendered.

Gisbrecht, 535 U.S. at 807.

In evaluating the reasonableness of a fee request, the court is instructed to examine the "character of the representation and the results the representative achieved." Gisbrecht, 535 U.S. at 808. A reduction in the contingency fee requested might be warranted if the claimant's counsel is responsible for delay in the progression of the case or if the benefits are large in comparison to the amount of time counsel spent on the case. Id. The court may also require time and expense records accompany the request as well as a breakdown as to the hourly rate charged by counsel. Id. Further clarity or guidance as to the precise analysis of the request or basis for reduction required in the "reasonableness" evaluation is conspicuously absent from the Gisbrecht opinion. The only certainty in this evaluation derived from Gisbrecht is that the "lodestar" method is inappropriate to determine reasonableness. Id. at 793.

The limited role of Defendant in the reasonableness inquiry is also acknowledged by the Supreme Court. The Commissioner of Social Security "has no direct financial stake in the [court's determination]; instead, she plays a part in the fee determination resembling that of a trustee for claimants." Id. at 798 n.6.

4

The Supreme Court also discussed the differences between the various fees available for recovery by the claimant's attorney. Fees are also available for an attorney's representation of a claimant before the agency by virtue of the authorization found in 42 U.S.C. § 406(a)[2]. EAJA fees are awarded from agency funds when

---

[2] 42 U.S.C. § 406(a) specifically provides with regard to fees:

(a) Recognition of representatives; fees for representation before Commissioner of Social Security

(1) . . . The Commissioner of Social Security may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Commissioner of Social Security under this subchapter, and any agreement in violation of such rules and regulations shall be void. Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.

(2)(A) In the case of a claim of entitlement to past-due benefits under this subchapter, if --

(i) an agreement between the claimant and another person regarding any fee to be recovered by such person to compensate such person for services with respect to the claim is presented in writing to the Commissioner of Social Security prior to the time of the Commissioner's determination regarding the claim,

(ii) the fee specified in the agreement does not exceed the lesser of --

(I) 25 percent of the total amount of such past-due benefits (as determined before any applicable reduction under section 1320a-6(a) of this title), or

(II) $4,000 [raised to $5,300.00 in 2002], and

(iii) the determination is favorable to the claimant,

then the Commissioner of Social Security shall approve that agreement at the time of the favorable determination, and (subject to paragraph (3)) the fee specified in the agreement shall be the maximum fee. The Commissioner of Social Security may from time to time increase the dollar amount under clause (ii)(II) to the extent that the rate of increase in such amount, as determined over the period since January 1, 1991, does not at any time exceed the rate of increase in primary insurance amounts

the Government's position in an appeal from a benefits decision is not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The calculation of these fees are accomplished through application of the "lodestar" method. <u>Gisbrecht</u>, 535 U.S. at 796. However, an attorney is required to refund the smaller of the fees awarded through EAJA and § 406(b). <u>Id</u>. It is against this legal backdrop that this Court examines Plaintiff's attorney's request in this case.

**Fees Included Within Contingency Fee Limitations**

The controlling case authority restricts the award of fees under both § 406(a) and (b) to 25% of past due benefits. *See*, <u>Frazier v. Bowen</u>, 240 F.3d 1284, 1287 (10th Cir. 2001) citing <u>Harris v. Sec. of Health & Human Servs.</u>, 836 F.2d 496, 498 (10th Cir. 1987); <u>Faircloth v. Barnhart</u>, 398 F.Supp.2d 1169, 1172-73 (D. N.M. 2005); <u>Mitchell v. Barnhart</u>, 376 F.Supp.2d 916, 921 (S.D. Iowa 2005) citing <u>Burnett v. Heckler</u>, 756 F.2d 621, 626 (8th Cir. 1985); <u>Kopulos v. Barnhart</u>, 318 F.Supp.2d 657, 661 (N.D. Ill. 2004); <u>Brannen v. Barnhart</u>, 2004 WL 1737443, 3 (E.D. Tex.) citing <u>Dawson v. Finch</u>, 425 F.2d 1192, 1195 (5th Cir. 1970); <u>Bartrom v. Barnhart</u>, 2003 WL 21919181, 2-3 (N.D. Ind.); <u>Coppett v. Barnhart</u>, 242

---

under section 415(i) of this title since such date. The Commissioner of Social Security shall publish any such increased amount in the Federal Register.

(Bracketed information added by this Court).

F.Supp.2d 1380, 1382 (S.D. Ga. 2002).[3]  To rule otherwise would subject claimants to awards in excess of the statutory limit.

Moreover, the fact Plaintiff's attorney did not represent Plaintiff at the administrative level is of no moment to this Court's decision.  The 25% limitation was not imposed only to protect claimant's attorneys from nonpayment of their fees but also "to protect claimants from 'inordinately large fees.'"  <u>Gisbrecht</u>, 535 U.S. at 805.  The manner in which the fees are divided among counsel is a matter for their discretion, without this Court's involvement.  As a result, Plaintiff's attorney's fee request will be limited to the remainder of 25% of past due benefits awarded to Plaintiff, after the deduction of § 406(a) fees awarded by the Commissioner.

**Calculation of the Percentage Limitation in Light of EAJA Award**

Counsel recognizes his obligation to refund the smaller of any EAJA award and the amount awarded under § 406(b) to prevent a double recovery by the attorney.  <u>Kemp v. Bowen</u>, 822 F.2d 966, 968 (10th Cir. 1987).  Combining the two awards to evaluate a net fee under § 406(b) for its propriety is not permitted.  <u>Yarnevic v. Apfel</u>, 359 F.2d 1363, 1366 (N.D. Ga. 2005) citing <u>Gilbrecht</u>, 535 U.S. at 796.  Thus, counsel will be required to make the refund.

**Evaluation of the Award**

---

[3]  This Court has taken the liberty to cite to various unpublished decisions from courts which have considered this issue to exemplify the unanimity of the position.

The maximum possible fee which this Court could award to Plaintiff's attorney under § 406(b) is $14,500.25, representing $19,800.25 (25% of $55,164.00) less the § 406(a) fees of $5,300.00 awarded by the Commissioner. Defendant does not challenge the reasonableness of this amount, in light of the work performed and the result obtained. This Court finds the award to be appropriate and reasonable in this case and shall be awarded in full.

### Timeliness of the Fee Request

In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees. Id. To that end, any fee request pursued under § 406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits." Id. (citation omitted).

In this case, the Notice of Award was issued by Defendant on August 17, 2005. Counsel states she did not receive the Notice until the agency representative for Plaintiff sent it to her on October 27, 2005 and, thereafter, filed the subject Motion on August 18, 2006. Counsel attributes the resultant delay to her awaiting the decision issued by the Tenth Circuit Court of Appeals in McGraw. Counsel contends it was prudent to ascertain the

8

correct measure for the timely filing of a § 406(b) request prior to filing the request itself.  This Court is dubious of counsel's reasoning on this issue.  Nevertheless, this Court finds no party to this action is prejudiced by the extended delay in filing the Motion.  Prejudice to a benefits recipient could conceivably occur if the Commissioner were holding an amount in reserve for attorney's fees which substantially exceeds the amount awarded, thereby depriving the recipient of funds.  However, in this case, Defendant reports she is holding $14,869.40 – an amount which does not significantly exceed the fee request and, thus, Plaintiff suffers little prejudice.  As a result, the Motion will be considered timely.

IT IS THEREFORE ORDERED Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) and Fed. R. Civ. P. 60(b)(6) (Docket Entry #24) is hereby **GRANTED**.  Plaintiff's counsel is awarded fees in the amount of $14,500.00 and Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose.  In addition, Plaintiff's counsel shall refund the smaller amount between the EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff.  Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 15th day of November, 2006.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE